CAPEHART & SCATCHARD, P.A.
A Professional Corporation
Laurel Corporate Center
8000 Midlantic Drive, Suite 300 S
Mount Laurel, N.J.  08054
(856) 234-6800
Attorneys for Defendant, Haddon Heights Board of Education
JFB8646

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| H. M. by her parents B. M. and R. M., and B. M. and R. M. individually, | **Document Electronically Filed** |
| Plaintiffs, | DOCKET NO. 1:09-cv-04293-NLH-AMD |
| vs. | CIVIL ACTION |
| Haddon Heights Board of Education, | **ANSWER AND DESIGNATION OF TRIAL COUNSEL** |
| Defendant. | |

Defendant, Haddon Heights Board of Education, whose principal place of business is located at 316-A Seventh Avenue, Haddon Heights, NJ  08035, by way of Answer to the Complaint says:

**JURISDICTION**

1. This paragraph contains legal conclusions and/or prayers of relief to which no responsive pleading is necessary.  To the extent this paragraph contains factual allegations, they are denied.

2. Admitted only as to 20 U.S.C. §1415(i)(3)(A) and only as to H. M.  Denied as to B. M. and R. M. individually and as to the other statutory references.

**VENUE**

3. Admitted that venue is proper.

1293782.doc 1

## PARTIES

4. Admitted that B. M. and R. M. are the natural parents and legal guardians of H. M. Denied that H. M. has a disability.

5. Admitted.

6. Admitted.

7. Admitted.

## LEGAL CLAIMS

8. Admitted.

9. Admitted.

10. Denied.

    i. Denied

    ii. The Board lacks sufficient knowledge or information to form a belief about the truth of this allegation.

    iii. Admitted that the quotes from the December 6, 2004 report of Dr. Robert Guillard are contained in said report.

    iv. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15(i)-(iv). Denied.

16. Denied.

17. Admitted that the Board's Child Study Team determined that H. M. was no longer eligible for special education and related services, and that the parents objected to this determination. The remaining allegations are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted that the Board's Child Study Team determined that H. M. was no longer eligible for special education and related services, and that the parents objected to this determination. The remaining allegations are denied.

24. Denied.

25. Denied.

26. Admitted.

27(i)-(iii). Admitted.

28. Admitted.

29. Denied. December 8, 2008 and February 27, 2009 were also hearing dates.

30. Admitted.

31. This paragraph contains a legal argument to which no responsive pleading is necessary. To the extent this paragraph contains factual allegations, they are denied.

32(i)-(vi). Denied.

33(i)-(viii). Denied.

## CAUSES OF ACTION

### COUNT ONE

**IDEA, SECTION 504, ADA**
**NEW JERSEY SPECIAL EDUCATION LAW AND REGULATIONS**

34. The Board incorporates its answers to paragraphs 1 through 33 above as if fully set forth herein.

1293782.doc                                                3

35. This paragraph contains legal arguments to which no responsive pleading is necessary. To the extent this paragraph contains factual allegations, they are denied.

36. This paragraph contains legal arguments to which no responsive pleading is necessary. To the extent this paragraph contains factual allegations, they are denied.

37. Denied.

38. Denied.

## COUNT TWO

### IDEA, SECTION 504, ADA
### NEW JERSEY SPECIAL EDUCATION LAW AND REGULATIONS

39. The Board incorporates its answers to paragraphs 1 through 38 above as if fully set forth herein.

40. Denied.

## COUNT THREE [mistakenly labeled COUNT TWO]

### IDEA, SECTION 504, ADA
### NEW JERSEY SPECIAL EDUCATION LAW AND REGULATIONS

41. The Board incorporates its answers to paragraphs 1 through 40 above as if fully set forth herein.

42. Denied.

43. This paragraph contains legal arguments to which no responsive pleading is necessary. To the extent this paragraph contains factual allegations, they are denied.

44. The Board lacks sufficient knowledge or information to form a belief about the truth of this allegation.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs are entitled to no relief, and the defendant, Haddon Heights Board of Education, demands that the Complaint be dismissed with prejudice and costs.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff's Complaint is barred by the relevant statute of limitations.

3.  H. M. did not meet the eligibility criteria for classification under the applicable federal and state statutory requirements.

4.  Plaintiffs' request to accept additional evidence is unwarranted.

>CAPEHART & SCATCHARD, P.A.
>A Professional Corporation
>Attorneys for Defendant
>Haddon Heights Board of Education
>
>By: ___/s/Joseph F. Betley_____
>     Joseph F. Betley

Dated: October 13, 2009

1293782